## Ahtes et al. v. Philadelphia Transit Co.

*Harry Goldbacher*, for plaintiffs.
*Joseph J. Tunney*, for defendant.

PER CURIAM, February 11, 1949.—This is an action to recover damages for injuries sustained by plaintiff

as a result of a fall caused by the defective condition of the road bed over which defendant maintains its street railway tracks. The original complaint alleged the accident was the result of a defective or worn switch. When plaintiff attempted to introduce evidence of the condition of the road bed at the first trial, a juror was withdrawn on the ground of a variance.

Thereafter plaintiff filed a petition to amend the complaint even though as amended it introduced a different theory of liability, imposed a different burden involving another defendant, and constituted a new cause of action after the period of the statute of limitations had expired. The Court of Common Pleas No. 2 granted the petition, however, and defendant, although filing a formal exception of record, did not appeal.

When the case was tried a second time, defendant objected to the introduction of the same evidence under the complaint as amended and a verdict was directed in its favor.

To sustain such a verdict, we are asked in effect to set aside an order of a court of concurrent jurisdiction, and review as if on appeal the action of our learned brethren of the Court of Common Pleas No. 2. This, we have neither the power nor the inclination to do. The right to amend this complaint has been adjudicated and, although we may have decided it otherwise, the order allowing the amendment is the law of the case as far as this court is concerned.

We are of the opinion therefore that the motion for a new trial must be granted. It is our suggestion that an application be made to the court that entered this controversial order for permission to list this case before it for trial and final disposition.

### Order

And now, to wit, February 11, 1949, plaintiffs' motion for a new trial is granted.